UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/20/2021
```

SHIVA STEIN,

                              Plaintiff,

              -against-

CONTANGO OIL & GAS COMPANY, JOHN
C. GOFF, WILKIE S. COLYER, JR., B.A.
BERILGEN, LON MCCAIN, JOSEPH J.
ROMANO, KAREN SIMON, JANET
PASQUE., INDEPENDENCE ENERGY LLC,
IE OPCO LLC, IE PUBCO INC., IE L
MERGER SUB LLC, and IE C MERGER SUB
INC.,

                              Defendants.

21 Civ. 6769 (AT)

**ORDER**

MATTHEW WHITFIELD,

                              Plaintiff,

              -against-

CONTANGO OIL & GAS COMPANY, JOHN C.
GOFF, WILKIE S. COLYER, JR., B.A.
BERILGEN, LON MCCAIN, JOSEPH J.
ROMANO, KAREN SIMON, JANET PASQUE.,
INDEPENDENCE ENERGY LLC, IE OPCO LLC,
IE PUBCO INC., IE L MERGER SUB LLC, and IE
C MERGER SUB INC.,

Defendants.

21 Civ. 7009 (AT)

GERALD BYERLY,

                              Plaintiff,

              -against-

CONTANGO OIL & GAS COMPANY, JOHN C.
GOFF, WILKIE S. COLYER, JR., B.A.
BERILGEN, LON MCCAIN, JOSEPH J.
ROMANO, KAREN SIMON, JANET PASQUE.,
INDEPENDENCE ENERGY LLC, IE OPCO LLC,
IE PUBCO INC., IE L MERGER SUB LLC, and IE
C MERGER SUB INC.,

Defendants.

21 Civ. 7327 (AT)

ANALISA TORRES, District Judge:

Before the Court are three related cases filed against Defendants, Contango Oil & Gas Company ("Contango"), members of its board of directors (the "Individual Defendants"), Independence Energy LLC ("Independence Energy"), IE OpCo LLC, IE PubCo Inc., IE L Merger Sub LLC, and IE C Merger Sub Inc.  Plaintiffs, Shiva Stein, Matthew Whitfield, and Gerald Byerly, each bring actions alleging violations of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. 244.100, in connection with a proposed merger between Contango and Independence Energy and its affiliates. *E.g.*, No. 21 Civ. 6769, ECF No. 4 ¶ 1.  Plaintiffs further seek to enjoin Defendants from taking several steps in furtherance of the merger as described in their complaints.  *E.g.*, *id.* ¶¶ 2, 5.

On August 24, 2021, the Court informed the parties it intended to consolidate two of the above-captioned cases, and directed any interested attorneys to submit applications for appointment as lead counsel.  No. 21 Civ. 6769, ECF No. 6; No. 21 Civ. 7009, ECF No. 4.  On August 31, 2021, Plaintiff Byerly filed his complaint and indicated his consent to consolidation of his action with the two actions pending before the Court.  No. 21 Civ. 7327, ECF Nos. 1, 4.  Plaintiff Byerly further filed a motion seeking to appoint Juan Monteverde as interim lead counsel for the action.  No. 21 Civ. 7327, ECF No. 4.

Having considered Plaintiffs' submissions and the nature of the three actions, the Court concludes that consolidation is appropriate.  "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."  *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  Cases may be consolidated where they involve "a common question of law or fact."  *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 42(a)).  A court may consolidate cases "to avoid unnecessary costs or delay," but

"[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990)).

Here, all three cases arise out of the same events and transactions, and thus share common questions of law and fact. Plaintiffs in all three actions are stockholders of Contango. *E.g.*, No. 21 Civ. 7327, ECF No. 1 ¶ 10. In all three actions, Plaintiffs allege that Defendants filed a materially incomplete and misleading registration statement with the SEC in advance of the proposed merger of Contango and Independence Energy, and that the registration statement misrepresents and/or omits material information that is necessary for Contango shareholders to make an informed decision in connection with the proposed merger. *E.g.*, *id.* ¶ 27. All Plaintiffs bring claims for violations of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 arising out of these incidents. *E.g.*, *id.* at ¶¶ 49−66.

Consolidation would also prevent the issuance of inconsistent orders concerning the same transactions, and there is no indication that consolidation would prejudice the parties. At this juncture, no parties have objected to consolidation. The Court therefore finds good cause to consolidate the actions.

The Court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). Currently, only Byerly brings his action on behalf of a putative class. *See* No. 21 Civ. 7327, ECF No. 1 ¶ 1; No. 21 Civ. 6769, ECF No. 4; No. 21 Civ. 7009, ECF No. 1. Therefore, in the absence of any other applications and no opposition being filed, the Court will grant Byerly's motion to appoint Juan Monteverde of Monteverde & Associates PC as interim lead counsel for the putative class. No. 21 Civ. 7327, ECF No. 4. The Court finds that Monteverde is experienced and well-qualified to handle complex securities litigation actions of this nature.

3

Accordingly, the three above-captioned cases are CONSOLIDATED.  The Clerk of Court is directed to consolidate the actions with No. 21 Civ. 7327 as the lead case.  Byerly's motion is GRANTED as to the appointment of Monteverde as interim lead counsel.  By **September 27, 2021**, the parties shall submit a proposed schedule for the filing of an amended, consolidated class-action complaint, and the time for Defendants' response.  The Clerk of Court is directed to terminate the motions at No. 21 Civ. 6769, ECF No. 7 and No. 21 Civ. 7327, ECF No. 4.

SO ORDERED.

Dated:  September 20, 2021
        New York, New York

_____
ANALISA TORRES
United States District Judge